IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 7:10-cv-187 |
| v. | ) ) | COMPLAINT |
| SKMATCH, INC., d/b/a SUBWAY, | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the bases of sex, female, and to provide appropriate relief to Helena Miller, Erica LaCouture, and other similarly situated female employees who were adversely affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC or the "Commission"), alleges that Defendant SKMATCH, Inc., d/b/a Subway ("Defendant"), subjected Miller, LaCouture, and other similarly situated female employees to sexual harassment that created a sexually hostile work environment because of their sex, female. The Commission further alleges that Miller was constructively discharged as a result of the harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Southern Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Wilmington and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Miller filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From at least December 2008 and continuing, Defendant engaged in unlawful employment practices at its restaurant in Wilmington, North Carolina in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) as set forth below.

8. <u>Helena Miller – Sexual Harassment and Constructive Discharge</u>. From around December 2008 until on or about May 7, 2009, Defendant subjected Miller to sexual harassment

that created a sexually hostile work environment based on her sex, female. Specifically, in January 2008, Miller was hired as a "Sandwich Artist" at Defendant's Monkey Junction location in Wilmington, NC. At the time of hire, Miller was 17 years of age. In December 2008, a male employee of Defendant was transferred to the Monkey Junction location to serve as its Assistant Manager. The harassment was perpetrated by said Assistant Manager who had direct supervisory authority over Miller, and who was around 27 years of age at the time.

9. The harassment was severe or pervasive in that it occurred on a daily basis and involved both sexual comments and sexual touching. The harassment included, but was not limited to, unwelcome sexual touching such as the following: On one occasion, the manager came up behind Miller, grabbed her buttocks, put his hand between her legs, and rubbed her vagina on top of her clothes. When Miller jerked away, the manager grabbed her arms, pinned her against the wall, stretched her arm around her back, and placed her hand so that it was touching his penis. On another occasion, the manager came up behind Miller, pulled up her shirt, touched her stomach, and attempted to put his hand inside her pants. On multiple other occasions, the manager attempted to grab or rub Miller's buttocks. The harassment also included, but was not limited to, daily unwelcome sexual comments such as the manager telling Miller to "meet [him] in the bathroom in two minutes so I can f-ck you," asking Miller to give him oral sex, making comments about Miller's buttocks, and telling Miller that she was "a cock-tease."

10. Miller repeatedly told the Assistant Manager that his sexual comments and sexual touching were unwelcome. In addition, although Miller was not aware of whether Defendant had a sexual harassment policy or a complaint procedure for reporting sexual harassment, Miller repeatedly complained about the Assistant Manager's behavior to other managers, including the

3

location's Store Manager. However, no action was taken by Defendant to address the sexual harassment and the harassment continued.

11. On or about May 7, 2009, Miller discussed the sexual harassment with the General Manager of the Monkey Junction location, who is also the mother of the Assistant Manager who was perpetrating the harassment. Miller specifically detailed the incidents described above. In response, the General Manager repeatedly stated that she did not believe Miller. The General Manager did not indicate that she would conduct an investigation or take any other action reasonably calculated to end the sexual harassment. The harassment was so intolerable that Miller was forced to resign her position with Defendant on or about May 7, 2009.

12. <u>Erica LaCouture – Sexual Harassment</u>. From late 2008 until some time in May, 2009, Defendant subjected LaCouture to sexual harassment that created a sexually hostile work environment based on her sex, female. Specifically, LaCouture worked for Defendant from June 2007 through May 2009 as a Sandwich Artist. From at least late 2008 through May 2009, LaCouture worked at Defendant's Monkey Junction location. LaCouture was subjected to sexual harassment by the same male Assistant Manager identified above, who had direct supervisory authority over LaCouture.

13. The harassment was severe or pervasive in that it occurred on an almost daily basis and involved sexual comments. The harassment included, but was not limited to, unwelcome sexual comments and requests for sex, such as the Assistant Manager telling LaCouture that she was "crazy hot," must "drive the boys crazy," and telling LaCouture that he "wanted" her. Moreover, LaCouture also observed the Assistant Manager press his body against Miller and touch Miller's buttocks, conduct which made LaCouture uncomfortable and fearful

4

that the Assistant Manager would also begin touching her. In fact, LaCouture resigned a few days after Miller resigned out of fear that the Assistant Manager might begin touching her.

14. LaCouture repeatedly told the Assistant Manager that she found his comments offensive and asked him to stop making these comments to her. Despite her protests, the sexual harassment continued. LaCouture was not aware of whether Defendant had a sexual harassment policy or a complaint procedure for reporting sexual harassment.

15. <u>Other Aggrieved Individuals</u>. Defendant subjected other similarly situated female employees to the sexually hostile work environment that it knew existed and which was created by the same Assistant Manager who subjected Miller and LaCouture to unwelcome sexual conduct and who was a supervisor in the direct line of supervision of the similarly situated female employees. The male manager's sexual comments and sexual conduct were based on sex, were severe or pervasive, and created a sexually hostile work environment for female employees at Defendant's restaurant.

16. The effect of the practices complained of above has been to deprive Miller, LaCouture, and other similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, female.

17. The unlawful employment practices complained of above were intentional.

18. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Miller, LaCouture, and other similarly situated female employees.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

5

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment or from any other employment practice that discriminates on the basis of sex, and from retaliating against employees who oppose practices made unlawful by Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Miller whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D. Order Defendant to make Miller, LaCouture, and other similarly situated female employees, whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

E. Order Defendant to make Miller, LaCouture, and other similarly situated female employees, whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Miller, LaCouture, and other similarly situated female employees punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

6

Case 7:10-cv-00187-FL    Document 1    Filed 09/20/10    Page 6 of 8

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 20th day of September, 2010.

> Respectfully submitted,
>
> U.S. EQUAL EMPLOYMENT
> OPPORTUNITY COMMISSION
>
> P. DAVID LOPEZ
> General Counsel
>
> JAMES L. LEE
> Deputy General Counsel
>
> GWENDOLYN YOUNG REAMS
> Associate General Counsel
>
> TRACY HUDSON SPICER
> Supervisory Trial Attorney
> Washington Field Office
> 131 M Street, N.E.
> Washington, D.C. 20507
>
> /s/ Lynette A. Barnes
> LYNETTE A. BARNES
> Regional Attorney
> Charlotte District Office
> 129 W. Trade Street, Suite 400
> Charlotte, NC 28202
>
> /s/ Katherine A. Soles
> KATHERINE "ABBY" SOLES
> NC Bar No. 36393
> Trial Attorney
> Raleigh Area Office
> 1309 Annapolis Drive
> Raleigh, NC 27608

Phone: (919) 856-4148
Fax: (919) 856-4156
katherine.soles@eeoc.gov

ATTORNEYS FOR PLAINTIFF